In re CABOT BOULEVARD TRANS-
PORTATION DEVELOPMENT OR-
DINANCE NO. 02–12, adopted June
19, 2002 of Falls Township, Bucks
County, Pa.

Ludwig M. Koerte, Armour & Sons
Partnership, MSL Langhorne, LLC,
Boston Properties Limited Partner-
ship, 58 Cabot, L.P., Consolidated Rail
Corp. and Pennsylvania Lines LLC,

v.

Falls Township.

Enterprise Leasing Company
of Philadelphia,

v.

Falls Township.

Appeal of: Falls Township.

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 2004.
Decided Dec. 29, 2004.

David F. Conn, Trevose, for appellant.

Thomas P. Profy, III, Langhorne, for appellees Ludwig M. Koerte, et al.

Jason J. Sweet, King of Prussia, for appellee Enterprise Leasing Company of Phila.

BEFORE: FRIEDMAN, J., SIMPSON, J., and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Falls Township (Township) appeals from the order of the Court of Common Pleas of Bucks County (trial court) which held that Ordinance No. 02–12, adopted June 19, 2002, was ineffective. We affirm.

The Township adopted Ordinance No. 02–12 (Ordinance) for the purpose of establishing a transportation development district. To fund the project, the Ordinance provided for the imposition of special assessments on the benefited properties located within the proposed Cabot Township Boulevard Transportation Development District. (R.R. at 32a). The Ordinance sought to repair and improve Cabot Boulevard, with the total projected cost of the project being $1,706,686.15. (R.R. at 75a).

Ludwig M. Koerte, Armour & Sons Partnership, MSC Langhorne, LLC., Boston Properties Limited Partnership, 58 Cabot L.P., Consolidated Rail Corp., and Pennsylvania Lines, LLC., (Protestants) all property owners within the district, filed written protests to the Ordinance pursuant to the Transportation Partnership Act (Act).[1] Enterprise Leasing Company of Philadelphia (Enterprise), also a property owner within the district, brought a complaint in equity for declaratory judgment against the Township. The trial court, by agreement of the parties, consolidated the two actions.

Protestants challenged the Ordinance pursuant to Section 3(e) of the Act, 53 P.S. § 1623(e). Section 3(e) states, in pertinent part:

Said ordinance shall not become effective if, before the expiration of 45 days after its enactment, property owners of the proposed district whose property valuation as assessed for taxable purposes shall amount to more than 50% of the total property valuation of the district shall sign and file, in the office of the prothonotary of the court of common pleas of the county in which the district is located, a written protest against said ordinance.

The trial court held a hearing on the matter. The parties stipulated that the value of all the properties within the transportation district had an assessed taxable value of $2,319.950.00, for the 2002 tax year and the protesting owners owned ten parcels in the district with an assessed taxable value of $1,229,790.00, for the 2002 tax year. As such, the trial court determined that the Protestants' taxable value was 53.01% of the total district value.

Since the Protestants' assessed value was determined to be in excess of the 50% threshold requirement stated in the Act, the trial court determined that the Protestants had met their burden and that the ordinance was ineffective pursuant to Section 3(e) of the Act.

The Township now appeals to this Court. The Township alleges that: (1) Protestants did not meet the 50% requirement, because the total assessed val-

1. Act of July 9, 1985, P.L. 187, as amended, 53 P.S. § 1621–1626.

ue of their property at the time of the hearing before the trial court was less than 50%; (2) the trial court erred in its interpretation of Section 3(e) of the Act; and (3) the trial court did not have the authority to order a hearing where one was not requested by any party.[2]

The Township first alleges that the determination of the value of the property should have been made based on the assessed values of the properties in the district at the time of the hearing, which was on December 15, 2003, instead of being based on the assessed value of the properties at the time the written protests were filed.

The Township admits that the total assessed value of Protestants' property exceeded the 50% requirement for the tax year 2002 when the protests to the Ordinance were filed. However, the Township argues that the trial court should not have considered the value of Protestants' property at the time they filed suit, but should instead have considered the value of Protestants' property at the time the trial court scheduled a hearing.

At the time of the hearing on December 15, 2003, the Township presented evidence showing that based on three revised 2003 assessment values, the total assessed value of the proposed district was $2,597,940.00 and the value of Protestants' property was $1,229,300.00. Using these figures, Protestants' assessed property values only equal 47% of the proposed district's property value.[3]

In considering whether it was appropriate for the trial court to use the figures for the 2002 tax year, we must first look to the statute at issue. The statute specifically states that the Ordinance is not to become effective if, within forty-five days of its enactment, property owners of the proposed district, with assessed taxable property values of more than 50% of the property values of the proposed district, file written protests.

When construing the meaning of a statute, this Court is to consider as follows:

> The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions. When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

Section 51 of the Statutory Construction Act.[4]

The Act at issue is clear and free from doubt. Property owners with an assessed value greater than 50%, who file a protest within 45 days of the enactment of the Ordinance, meet their burden under the Act. Obviously, under the Act, what is important is the value of the property at the time the Ordinance was enacted, not at some unknown point of time in the future. The Township's argument that it is not relevant what the assessed values of the properties were at the time the protests

---

**2.** Our scope of review from an order of the trial court is limited to determining whether the findings are supported by substantial evidence or whether an error of law was committed. *Frazer Concerned Citizens by McKenna v. Frazer Transportation Authority*, 153 Pa. Cmwlth. 652, 623 A.2d 863 (1993), *petition for allowance of appeal denied*, 537 Pa. 654, 644 A.2d 739 (1994).

**3.** After the enactment of the Ordinance, two properties in the proposed district were improved and reassessed at higher values. The owners of the two properties were not parties to this suit. The higher value placed on these two properties diminished Protestants' overall percentage.

**4.** Act of May 28, 1937, P.L. 1019, 46 P.S. § 551.

were filed goes against the clear and unambiguous wording of the Act and, therefore, is denied.

■ The Township's second issue for review is whether the trial court erred in concluding that the filing of a protest renders the Ordinance void. The Township argues that Section 3(e) of the Act only renders the Ordinance ineffective pending a trial on the merits of the protest.

As stated in Section 1.1(b) of the Act,[5] the purpose of the Act "is to enable municipalities to cooperate with one another and with the private sector to provide funding for transportation projects in areas where economic growth and development has made transportation facilities and services inadequate." The trial Court found that Section 3(e) of the Act provided an important assurance that projects funded under the Act were truly representative of a partnership between municipalities and the private sector. Obviously, if more than 50% of the property owners are objecting to the project, the project lacks the cooperation intended under the Act.

Section 3(e) of the Act specifically states that if more than 50% of the property owners file a timely protest, the Ordinance "shall not become effective." The Township wants this Court to interpret this to mean that the Ordinance shall not become effective only until a court holds a trial on the merits of the proposed project. Nothing in the Act provides for such a reading and the Township does not provide any evidence which would allow for such a reading.

The intent and meaning of the Act is clear. It does not include a provision for a trial on the merits once a protest is filed. Thus, we conclude that the Township's argument on this point is meritless.

The Township's third and final claim is that the trial court was without jurisdiction to hold the December 15, 2003, hearing, because a motion for hearing had not been filed by any party.

The Township claims that following discovery and a motion for summary judgment by Enterprise, the trial court *sua sponte* ordered a hearing. Following said hearing, the trial court entered its order. The Township argues that the trial court was without jurisdiction to schedule a hearing where no request was made.

Protestants state that a hearing was held before the trial court on October 14, 2003, regarding Enterprise's motion for summary judgment and at that hearing, the parties and the trial court discussed the need for an evidentiary hearing. Enterprise states that an oral request for a hearing was made by the parties on October 14, 2003, and that is why the trial court filed an order that very day scheduling the December 15, 2003, hearing.[6] Protestants note that the Township had two months notice of this hearing and never filed any objection to it. Protestants further note that the Township was present at the December 15, 2003, hearing and also never raised a formal objection.

This claim by the Township is without merit. The Township never filed an objection to the hearing and at the hearing actually stipulated to all of the evidence presented. Furthermore, there is not even a factual dispute at issue in this case. The Township agrees that the parties filed a timely protest and that as of the time of the filing, they were property owners in excess of 50% of the value of the proposed district. The only issues raised involve the

---

5. This Section was added by Act of July 2, 1986, P.L. 304, 53 P.S. § 1621.1.

6. The record does not contain a transcript of the October 14, 2003, hearing.

interpretation of the statute. Moreover, the Township does not claim it was prejudiced by the hearing or state that it has any further evidence to present.

Accordingly, the order of the trial court is affirmed.

**ORDER**

AND NOW, this 29th day of December, 2004, the order of the Court of Common Pleas of Bucks County is affirmed.